CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
Wm. Arthur being in custody under an indictment for keeping a disorderly house, and having the right to give bail for his appearance for trial in the Boyle Circuit Court, in the sum of $50, executed the proper bail bond, with the appellant, Monroe Mitchell, as his surety.
The conditions of the bond were that Arthur should appear in court, and at all times render himself amenable to its orders *248 and process in the prosecution of the charge, and if convicted that he should render himself in execution of the j udgment.
He was convicted, and fined the sum of $25. A capias pro fine was taken out, and he was taken into custody by the sheriff, and delivered to the jailer, and confined in the county jail for the length of time prescribed by law. He failed, after this, to satisfy the fine, and thereupon his bail bond was taken for forfeited, and, notwithstanding the foregoing facts, judgment was rendered against Mitchell, the bail, for $50, the amount of the bond. This appeal is prosecuted to reverse that judgment.
“ If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered on the minutes, and thereupon the bail bond, or the money deposited in lieu of bail, is forfeited.” (Section 88, Criminal Code.)
The forfeiture in this case is based on the idea that the failure of Arthur to pay the fine adjudged against him is a violation of one of the stipulations of the bail bond. We do not so regard it.
The bail did not undertake that the accused should pay any fine that he might be adjudged to pay, nor does the Criminal Code authorize the forfeiture of the bond because of his failure in that regard.
The covenant is, that if fined, Arthur shall render himself in execution of the judgment, and the statute provides for a forfeiture in case he violates this stipulation by failing to surrender himself to the proper officer.
He did render himself in execution of the judgment by surrendering to the sheriff, and remaining in confinement, as provided for by section 283 of the Criminal Code. This was a full and complete compliance with the covenants of the bail bond, and exonerated Mitchell from all liability.
*249 The demurrer to appellant’s answer should have been overruled, and the proceedings against him dismissed.
The judgment is reversed, and the cause remanded with instructions to render a judgment in conformity with the conclusion herein stated.